UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| AGINCOURT GAMING, LLC,<br>     Plaintiff(s),<br>vs.<br>ZYNGA, INC.,<br>     Defendant(s). | Case No. 2:14-cv-00708-JAD-NJK<br><br>ORDER DENYING WITHOUT<br>PREJUDICE MOTIONS TO SEAL<br><br>(Docket Nos. 7, 11, 12) |

  Pending before the Court are three motions to seal. Docket Nos. 7, 11, 12. For the reasons discussed more fully below, those motions are hereby **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to keep the related documents under seal at this time. Nonetheless, Defendant shall file renewed motions to seal no later than July 25, 2014. The failure to timely file a renewed motion will be deemed consent to unseal.

**I. STANDARDS**

  In determining whether documents should be sealed in patent cases, the Court applies Ninth Circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th

Cir. 2003)).[1] A party seeking to file documents under seal bears the burden of overcoming that presumption. *See, e.g.*, *Foltz*, 331 F.3d at 1130.

## II.    ANALYSIS

### A.    Defendant's Motions to Seal (Docket Nos.7, 12)

Defendant's pending motions to seal suffer from several fatal flaws. First, Defendant relies extensively on the fact that the information has been designated as confidential pursuant to the stipulated protective order entered in the underlying litigation. *See Agincourt Gaming, LLC v. Zynga, Inc.*, Case Number 1:11-cv-720-RGA (Docket No. 82). The Ninth Circuit requires a particularized showing of good cause to seal each document at issue in a motion to seal. *See Foltz*, 331 F.3d at 1131. By contrast, "a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Id.* at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket stipulated protective orders are overinclusive by nature and do not include a finding of "good cause").[2] Because a blanket stipulated protective order does not contain a finding of good cause to keep any particular document confidential, the fact that a court has entered a blanket stipulated protective order and that a party has designated a document confidential pursuant to that protective order does not establish good cause for sealing a particular document. *See, e.g.*, *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D. Nev. June 9, 2014).

---

[1] For materials filed under seal in relation to dispositive motions, the movant must meet the more exacting "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1178-79. The pending motions to seal relate in part to the pending counter-motion to dismiss, thus triggering the compelling reasons standard. *See, e.g.*, Docket No. 7 at 3 (seeking to seal, *inter alia*, the counter-motion to dismiss itself). Defendant failed to identify which standard applies to which aspect of the motions to seal. Because the motions to seal fail under even the "good cause" standard, however, the Court will not do so either in this order. Nonetheless, in the event Defendant chooses to file renewed motions to seal, it must specifically delineate which aspects of its sealing request relate to dispositive matters and must explain why compelling reasons exist to seal that information.

[2] Defendant failed to identify any specific finding in the underlying litigation that a basis exists to seal any particular document. To the extent the record in the underlying litigation contains such a finding, Defendant should so indicate (and provide copies to this Court) in any renewed motion to seal.

Second, Defendant's motions to seal are significantly over broad. As noted above, sealing is proper only where a party makes a showing of good cause <u>for each particular document</u> that the party intends to seal. The Court is entirely unclear as to the reason for sealing many of the documents at issue. *See, e.g.*, Docket No. 7 at 2 (seeking an order sealing, *inter alia*, the declaration of Claude Stern) and Docket No. 8-2 (declaration of Claude Stern discussing the meet-and-confer on the pending discovery dispute). Similarly, the Ninth Circuit has made clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011). The Court is unclear why entire documents (including the entirety of briefs) must be filed under seal rather than being filed publicly with limited redactions.

Third, the pending motions to seal provide conclusory assertions of good cause. *See, e.g.*, Docket No. 7 at 3 (asserting without elaboration that good cause exists because "[t]hese confidential documents contain commercially sensitive and secret corporate information"). As noted above, however, the movant must make a "particularized showing" of good cause. *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476 (internal quotation marks and citations omitted). "While the showing required for the 'good cause' standard is not extensive, it requires more than a bare assertion that a document is 'confidential.'" *Aevoe Corp. v. AE Tech. Co.*, 2013 U.S. Dist Lexis 157549, *5 (D. Nev. Nov. 1, 2013).

In light of the above, Defendant's motions to seal are hereby **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to keep the related documents under seal at this time. Nonetheless, with the above guidance in mind, Defendant shall file renewed motions to seal no later than July 25, 2014. These renewed motions must make a particularized showing of good cause for each document for which sealing is sought. Defendant must also provide proposed redactions where possible, and must make a particularized showing of good cause for each redaction proposed. To the extent Defendant believes redaction is not appropriate for any particular document, it must explain why that is so.

If the sole ground for a request to seal is that the opposing party (or a non-party to this action) has designated a document as subject to protection pursuant to the stipulated protective order, Defendant

1  must notify the opposing party (or non-party) no later than July 21, 2014. The designating party must
2  then make a good faith determination if the relevant standard for sealing is met. To the extent the
3  designating party does not believe the relevant standard for sealing can be met, it shall indicate to
4  Defendant, no later than July 23, 2014, that the document may be filed publicly. To the extent the
5  designating party believes the relevant standard for sealing can be met, it shall provide Defendant a
6  declaration supporting that assertion no later than July 23, 2014. Defendant shall then attach that
7  declaration to its renewed motion to seal the designated material. If the designating party fails to provide
8  such a declaration in support of the motion to seal, Defendant shall file a motion to seal so indicating
9  and the Court may order the document filed in the public record.

      B.    Bally's Motion to Seal (Docket No. 11)

Also pending before the Court is Bally's motion to seal its reply brief. It appears that the sole ground for this motion is that the reply brief discusses information that Defendant filed under seal with its opposition papers. *See* Docket No. 11 at 3-4. For the reasons stated above, the Court finds that a sufficient showing for sealing this brief has not been made and the motion is therefore **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to keep the reply brief under seal at this time. Since the sealing request relates entirely to information Defendant contends should be sealed, however, the Court hereby **ORDERS** <u>Defendant</u> to file a renewed motion to seal Bally's reply brief no later than July 25, 2014. This renewed motion shall comply with Court's instructions provided above, including proposing redactions and providing a showing as to why good cause exists for each proposed redaction.

### III. CONCLUSION

For the reasons discussed more fully above, those motions are hereby **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to keep the related documents under seal at this time. Nonetheless, Defendant shall file renewed motions to seal no later than July 25, 2014. The failure to timely file a renewed motion will be deemed consent to unseal.

IT IS SO ORDERED.

DATED: July 18, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge