# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AGINCOURT GAMING, LLC, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> ZYNGA, INC., ) <br> ) <br> Defendant(s). ) <br> _____) | Case No. 2:14-cv-0708-RFB-NJK <br><br> ORDER TRANSFERRING SUBPOENA-RELATED MOTIONS <br><br> (Docket Nos. 2, 14, 24) |

Pending before the Court is a motion to quash subpoenas filed by non-party Respondents Bally Technologies ("Bally"), Brian M. Kelly, John G. Kroeckel, John E. Link, and Paul L. Hickman (the "Individual Respondents"). Docket No. 2. Defendant Zynga, Inc. filed a response in opposition and Respondents filed a reply. *See* Docket Nos. 8 (sealed response), 24-5 (redacted response), 10 (sealed reply), 24-31 (redacted reply). Also pending before the Court is Defendant's counter-motion to dismiss, transfer or compel. Docket Nos. 14 (sealed counter-motion), 24-5 (redacted counter-motion). Respondents filed a response in opposition and Defendant filed a reply. Docket Nos. 15 (sealed response), 24-31 (redacted response), 13 (sealed reply), 24-32 (redacted reply). Further pending before the Court is an omnibus motion to seal. Docket No. 24. The Court finds the issues presented properly decided without oral argument. *See* Local Rule 78-2. For the reasons stated below, the Court hereby **ORDERS** that the pending subpoena-related motions be transferred to the Northern District of California to the extent they relate to the Individual Respondents and further **ORDERS** that the pending subpoena-related motions be transferred to the District of Delaware to the extent they relate to Bally.

## I. BACKGROUND

In February 2014, Zynga served subpoenas on Bally and the Individual Respondents pursuant to Rule 45. *See, e.g.*, Docket No. 2, Exhs. 2-6.[1] Zynga is a Defendant in ongoing patent infringement litigation in the District of Delaware, *Agincourt Gaming, LLC v. Zynga, Inc.*, Civil Action No. 1:11-cv-00720-RGA ("Delaware action"). *See* Docket No. 2, Exh. 8. Bally and the Individual Respondents are not parties to the Delaware action. Bally is located in this District, and its subpoena required compliance in this District. *See* Docket No. 2, Exh. 2. The Individual Respondents reside and/or work in the Northern District of California, and their subpoenas required compliance in that District. *See, e.g.*, Docket No. 2, Exhs. 3-6. Bally and the Individual Respondents initiated this proceeding in this Court by bringing a motion to quash the subpoenas, arguing that the subpoenas, *inter alia*, are unreasonably overbroad; seek irrelevant information; seek trade secret research, development, and commercial information without a showing of substantial need; and are otherwise unduly burdensome. *See, e.g.*, Docket No. 2 at 7-11.[2]

Zynga responded to that motion by arguing that the subpoenas were proper, and that Bally and the Individual Respondents must comply with them. *See, e.g.*, Docket No. 24-5 at 14-25. Zynga also brought procedural motions, including a counter-motion to transfer resolution of the subpoena-related motions to the District of Delaware pursuant to Rule 45(f) and a counter-motion to dismiss the subpoena-related motions with respect to the Individual Respondents. *See id.* at 10-14.

## II. MAGISTRATE JUDGE AUTHORITY

The pending motions have been referred to the undersigned magistrate judge. Before turning to the merits of the pending motions, the Court evaluates its authority to decide them. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Given the manner in which the briefs were filed on the docket, at times the pagination assigned by the parties differs by the pagination assigned by the CM/ECF system. The Court's citations refer to the pagination assigned by the CM/ECF system.

are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60.

The pending dispute falls within the gambit of non-dispositive matters properly determined by a magistrate judge. Magistrate judges are frequently tasked with resolving discovery disputes. *See, e.g.*, *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 448 (C.D. Cal. 2007). More particularly, ruling on motions to quash subpoenas is normally a non-dispositive matter within the province of a magistrate judge's authority under Section 636(b)(1)(A). *See, e.g.*, *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011). Similarly, ruling on a request to transfer subpoena-related motions to another court is within the provision of a magistrate judge's authority under Section 636(b)(1)(A). *See Chem-Aqua, Inc. v. Nalco Co.*, 2014 WL 2645999, *1 (N.D. Tex. June 13, 2014); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases for transfers under 28 U.S.C. § 1404(a)). That subpoena-related motions come before the court in the context of a miscellaneous action based entirely on the disputed subpoenas does not alter that conclusion, even though the magistrate judge's resolution of the motions may be dispositive of the miscellaneous action. *Feist v. RCN Corp.*, 2012 WL 4835038, *1 (N.D. Cal. Oct. 4, 2012). Accordingly, the undersigned has the authority to resolve the subpoena-related dispute currently pending before the Court.

### III.   APPLICABLE VERSION OF RULE 45

Before the Court turns to the underlying dispute, it will first address another threshold issue of which version of the applicable rules govern its analysis. The Court's analysis in deciding disputes regarding subpoenas served on non-parties is governed by Rule 45. *See, e.g.*, *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Significant changes were made to Rule 45 through the 2013 amendments, which went into effect on December 1, 2013. *See Wultz v. Bank of China, Ltd.*, __ F.R.D. ___, 2014 WL 2257296, *4 (D.D.C. 2014). "In its order adopting the 2013 amendments to Rule 45, the Supreme Court specified the amendments would govern in all proceedings commenced after December 1, 2013, and, 'insofar as just and practicable, all proceedings then pending.'" *Garden City Emps.' Retirement Sys. v. Psychiatric Solutions, Inc.*, 2014 WL 272088, *3 (E.D. Pa. Jan. 24, 2014).

In this case, the underlying Delaware patent infringement litigation was commenced on or about August 17, 2011, but the five disputed subpoenas were served in February 2014, and the miscellaneous proceeding in this Court challenging those subpoenas was initiated on May 6, 2014. Hence, the underlying patent infringement proceedings commenced prior to December 1, 2013, but the instant subpoena-related miscellaneous proceeding commenced after that date. The parties do not dispute that the Court should apply the current version of Rule 45 in these circumstances, and the Court finds it proper to do so.[3]

## IV. INDIVIDUAL RESPONDENTS

Having resolved the above threshold issues, the Court turns to the motions pending before it. Four of the disputed subpoenas were issued to the Individual Respondents, and the Court will address the motions as to those subpoenas first.[4] Zynga argues that the Court lacks jurisdiction to decide the motion to quash as to these subpoenas. The Court agrees.

### A. Standards

Both the previous and current versions of Rule 45 designate which court has jurisdiction to resolve motions to quash or modify subpoenas. The previous version of Rule 45 provided that the "issuing court" possesses jurisdiction to quash or modify subpoenas, *see* Fed. R. Civ. P., Rule 45(c)(3) (2012), whereas the current version of the Rule provides that "the court for the district where compliance is required" has jurisdiction to quash or modify subpoenas, *see* Fed. R. Civ. P., Rule 45(d)(3) (2014); *see also Semex Alliance v. Elite Dairy Genomics, LLC*, 2014 WL 1576917, *1 n.1 (S.D. Ohio Apr. 18, 2014). For subpoenas seeking the production of documents, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P., Rule 45(c)(2)(A). Under the current version of the Rule, when a motion to quash a subpoena is filed in a court

---

[3] The Court notes for the sake of clarity that procedural issues regarding subpoena-related motions are not unique to patent law, so the regional circuit law applies to such issues even in patent infringement litigation. *See, e.g.*, *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1209, 1212 (Fed. Cir. 1987). Nonetheless, given the recent nature of the applicable amendments to Rule 45, a robust body of law has not yet developed within the Ninth Circuit addressing the issues applicable here.

[4] Bally and the Individual Respondents filed a single motion challenging all five subpoenas. For the reasons discussed below, however, the Court is unable to resolve the pending dispute in the same manner for all five subpoenas.

4

other than the court where compliance is required, that court lacks jurisdiction to resolve the motion. *See, e.g., KGK Jewelry LLC v. ESDNetwork*, 2014 WL 1199326, *3 (S.D.N.Y. Mar. 21, 2014).

### B.      Analysis

Zynga argues that the Individual Respondents reside and/or are employed in the Northern District of California, *see* Docket No. 24-5 at 8, and the Individual Respondents do not dispute that contention. *See* Docket No. 24-31 at 5-6 (acknowledging that the subpoenas were served on the Individual Respondents in California and failing to counter Zynga's assertion that the Individual Respondents live and/or work in the Northern District of California). Accordingly, the Court accepts as undisputed that the Individual Respondents reside and/or are employed in the Northern District of California. *See, e.g.*, *Aevoe Corp. v. AE Tech. Co.*, 2013 U.S. Dist. Lexis 58665, *3 n.1 (D. Nev. Apr. 23, 2013) (failure to respond to argument is deemed acquiescence). To that end, the subpoenas require the Individual Respondents to produce documents at a law office within that District, in Redwood Shores, California. *See, e.g.*, Docket No. 2, Exhs. 3-6. Nonetheless, the Individual Respondents dispute that they were required to move to quash or modify their subpoenas in the Northern District of California. In particular, they argue that they do not possess any of the documents sought, and that the responsive documents are actually in the possession of Bally. *See* Docket No. 24-31 at 6. Hence, because Bally's place of compliance is in this District, the Individual Respondents argue by extension that their place of compliance is here. Zynga counters that these four subpoenas actually seek any documents in the Individual Respondents' personal possession, and that the Northern District of California is where their compliance is required. *See* Docket No. 24-32 at 5.

The Court finds the Individual Respondents' position puzzling. As an initial matter, Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person. *See* Fed. R. Civ. P., Rule 45(c)(2)(A) (the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person"). The text of the Rule does not provide for an alternative basis for the Court to find that the place of compliance is not tethered to the subpoenaed person's location, but rather could be found to be some other district where the subpoenaed person contends the responsive documents are located or where the subpoenaed party with possession of the documents is required to comply.

Moreover, and significantly, the Individual Respondents acknowledge that they attempted to comply with the subpoenas when they "reviewed their files and confirmed that none of them had any personal documents separate and apart from Bally's documents." *See* Docket No. 24-31 at 6. In short, it appears the Individual Respondents are located in the Northern District of California, and reviewed their personal files for potential production at a law office also located in the Northern District of California. To be sure, if the documents sought are not in the Individual Respondents' possession, custody or control, they may object on that basis. *Cf. In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999) (Rule 45(a) limits documents to be produced to those in the subpoenaed person's "possession, custody, or control").[5] But the Individual Respondents have failed to supply any legal authority for the novel proposition that asserting such an objection enables them to ignore the clear requirement to file a motion to quash in the district where compliance is required. The Court finds that it does not.

In short, the place where compliance is required for the Individual Respondents is the Northern District of California, and not in this District. Accordingly, the Court lacks jurisdiction to rule on the pending subpoena-related motions to the extent they relate to the Individual Respondents.

**C.     Appropriate Relief**

Given that this Court lacks jurisdiction to resolve the subpoena-related motions with respect to the Individual Respondents and given that the Court below finds transfer appropriate to the District of Delaware to the extent the subpoena-related motions relate to Bally, *see* Section V, at first blush it appears that judicial economy and avoidance of inconsistent outcomes may be best served by also transferring to the District of Delaware the subpoena-related motions to the extent they relate to the Individual Respondents. The Court does not make such a determination, however, because it lacks authority to do so. The plain text of Rule 45(f) imbues the discretion to transfer subpoena-related motions with the district court where compliance is required. *See* Fed. R. Civ. P., Rule 45(f) ("When the court where compliance

---

[5] The Individual Respondents contend that they timely objected to the subpoenas. *See* Docket No. 24-31 at 6. On the other hand, Zynga notes that the Individual Respondents' counsel has acknowledged that the Individual Respondents do have responsive documents in their possession. *See* Docket No. 24-32 at 6 (referring to correspondence that some of the Individual Respondents have responsive documents). This Court need not (and cannot) wade into this dispute, however, as such an argument is not properly made in this Court.

is required did not issue the subpoena, *it* may transfer a motion under this rule to the issuing court . . ." (emphasis added)). As a result, when subpoena-related motions are filed in the wrong court, Rule 45(f) does not provide a means for transferring those motions to the court that issued the subpoenas. *See SynQor, Inc. v. Vicor Corp.*, 2014 WL 2519242, *2 (N.D. Tex. June 3, 2014); *see also Semex Alliance*, 2014 WL 1576917, *2. With respect to the subpoenas served on the Individual Respondents, it is the Northern District of California–not this Court–with the authority and discretion to transfer the corresponding subpoena-related motions to the District of Delaware pursuant to Rule 45(f).

Similarly, the Court has *sua sponte* considered whether transfer of the subpoena-related motions to the District of Delaware is proper pursuant to 28 U.S.C. § 1631. *See, e.g.*, *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (holding that Section 1631 analysis is mandatory, and must be considered even if no motion is made).[6] "Jurisdictional defects that arise when a suit is filed in the wrong federal court may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631." *Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992). That provision only allows for a transfer to a "court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Because the District of Delaware is not the place where compliance is required, Section 1631 does not allow transfer to that court because the motions to quash could not have been brought there in the first instance. *See* Fed. R. Civ. P., Rule 45(d)(3).

Accordingly, the Court concludes that it is not proper to transfer the subpoena-related motions regarding the Individual Respondents to the District of Delaware. Nonetheless, the Court finds that it is proper to transfer that aspect of the pending motions to the Northern District of California pursuant to Section 1631 rather than dismissing them. The Court may rely on Section 1631 to transfer a matter when doing so is in the interest of justice. *See, e.g.*, *Miller*, 905 F.2d at 262. Moreover, the Ninth Circuit has indicated that it is generally in the interest of justice to transfer an action rather than dismissing it. *Id.* ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating"); *see also Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1119 (D. Nev. 2013) (transferring case rather than dismissing it when the transfer would

---

[6] Section 1631 applies in miscellaneous proceedings, such as this one. *See Fisher v. United States*, 676 F. Supp. 2d 1165, 1168-69 (W.D. Wash. 2009) (analyzing transfer under Section 1631 for petition to quash an IRS summons).

"lead to a more just, speedy, and inexpensive resolution for all parties"). In this case, it is in the interest of justice to transfer the subpoena-related motions to the Northern District of California to the extent they relate to the Individual Respondents to avoid further delay in resolving the underlying discovery dispute. In doing so, this Court is expressing no opinion as to whether the Northern District of California should then transfer these subpoena-related motions to the District of Delaware pursuant to Rule 45(f) or as to the merits of the underlying dispute regarding the subpoenas.

Accordingly, the Court hereby **TRANSFERS** the subpoena-related motions, to the extent they relate to the Individual Respondents, to the Northern District of California.

**V.    BALLY**

Having determined that this Court lacks jurisdiction over the subpoena-related motions as they relate to the Individual Respondents, the Court turns to the subpoena-related motions as they relate to Bally. The parties do not dispute that the motion to quash was properly filed in this Court with respect to the subpoena served on Bally. The Court first addresses Zynga's contention that it is proper to transfer the subpoena-related motions with respect to Bally to the District of Delaware.

**A.    Standards**

Zynga's request to transfer centers on the newly-enacted Rule 45(f). Prior to the 2013 amendments, subpoenas for depositions or production of documents were issued from the court for the district where compliance is required, and the power to quash or modify any issued subpoenas was reserved to that court. *See Wultz*, 2014 WL 2257296, at *4. The 2013 amendments changed that structure. Under the new rule, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P., Rule 45(a)(2). The new rule provides the court where compliance is required with the power to adjudicate a motion to quash or modify the subpoena. *See* Fed. R. Civ. P., Rule 45(d)(3). But the new rule also provides a vehicle for transferring such motions to the issuing court: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P., Rule 45(f).[7]

---

[7] If necessary to enforce the resulting order, the issuing court may transfer that resulting order back to the court where compliance is required. *See* Fed. R. Civ. P., Rule 45(f).

Absent consent to transfer, the "proponent of transfer bears the burden of showing that [exceptional] circumstances are present." Fed. R. Civ. P., Rule 45 Advisory Comm. Notes (2013). Whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required. *See Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, __ F.R.D. ___, 2014 WL 3378011, *3 (N.D. Cal. July 10, 2014). Although the Rule itself does not expound on what constitutes "exceptional circumstances," the advisory notes provide guidance as to the court's exercise of discretion:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

*Id.* at *2 (quoting Advisory Committee Notes).

The Advisory Committee Notes do not provide an exhaustive list of all circumstances in which transfer is appropriate under Rule 45(f). Nonetheless, they formulate a balancing test in which the court considers "whether the circumstances favoring transfer outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." *See Valle del Sol, Inc. v. Kobach*, 2014 WL 38318490, *3 (D. Kan. Aug. 4, 2014). More particularly, on the one hand, the Court must consider the burden on the party responding to the subpoena in the event of a transfer. On the other hand, the Court must consider factors such as judicial economy, docket management, and the risk of inconsistent rulings. *See, e.g.*, *Moon Mountain*, 2014 WL 3378011, *3-4; *Wultz*, 2014 WL 2257296, *7-8. Whether "exceptional circumstances" exist for a transfer turns on the particular facts of each case.

**B.     Analysis**

Balancing the factors outlined above, the Court finds that transfer to the District of Delaware is appropriate with respect to the motions related to the subpoena issued to Bally.

1.     Judicial Economy

The Court finds that judicial economy militates strongly in favor of transfer. The subpoena served on Bally seeks documents related to 27 patents and 26 patent applications, in addition to other information such as licenses and acquisition of patent rights. *See* Docket No. 2-1, Exh. 2. Bally's motion to quash seeks a ruling that the subpoena is, *inter alia*, overly broad and seeks documents not relevant to the case

9

pending in the District of Delaware. *See, e.g.*, Docket No. 2 at 7-11.[8]  Similar issues have already been briefed in the District of Delaware by way of a pending motion to compel brought there by Zynga related to Bally documents. *See, e.g.*, Docket No. 24-5 at 12.[9]  Moreover, the District of Delaware is presiding over not only the underlying action in which the disputed subpoena was issued, but at least three other cases brought by the same plaintiff raising the same claims against other defendants. *See, e.g., id.*  In light of the history of the litigation in the District of Delaware, it possesses superior familiarity with the underlying issues and the Court concludes that it is in the interest of judicial economy to transfer the motion.

        2.          Inconsistent Rulings

As noted above, some overlapping discovery issues have already been briefed in the District of Delaware, thus creating the possibility of inconsistent rulings. That risk is heightened in a case like this one where the issued subpoenas require compliance from different non-parties in different districts. As noted above, of the five subpoenas at issue in the motion to quash, only one is properly before this Court and four are being transferred to the Northern District of California. In short, absent transfer pursuant to Rule 45(f), it is possible that similar issues will be decided in three separate courts. Transferring to the District of Delaware the subpoena-related motion as it relates to Bally reduces the number of courts that

---

[8] The Advisory Committee notes indicate that the court in which the subpoena-related motion is filed should not assume that the issuing court is in a superior position to resolve the motion. By contrast, the Federal Circuit has cautioned that "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Truswal Systems*, 813 F.2d at 1211-12; *see also Continental Auto. Sys., U.S., Inc. v. Omron Auto. Elecs., Inc.*, 2014 WL 2808984, *2 (N.D. Ill. June 20, 2014) (transferring resolution of subpoena-related motions under Rule 45(f)). Accordingly, while this Court will not assume the issuing court is in a superior position to resolve the subpoena-related motions, it appears that may often be the case with respect to discovery disputes in patent infringement litigation.

[9] Bally correctly points out that the issues briefed in the District of Delaware are not identical to those raised in the motion to quash. *See, e.g.*, Docket No. 24-31 at 9. Bally also correctly cites caselaw asserting that the pendency of "at most tangentially related motions" before the transferee court does not create exceptional circumstances sufficient to justify a Rule 45(f) transfer. *See CMB Expert, LLC v. Atteberry*, 2014 WL 2197840, *2 (N.D. Tex. May 27, 2014). The issues briefed to the District of Delaware, however, are not as tangential as Bally claims. Indeed, Bally acknowledges that the issues briefed in that court relate to documents to be obtained *from Bally* for production in that case. *See, e.g.*, Docket No. 24-31 at 8-9.

could possibly rule on similar issues.[10] This militates heavily in favor of transfer. *Valle del Sol*, 2014 WL 3818490, at *4.

### 3. Burden on Respondent

The primary factor to consider in balancing the above is any burden imposed on local non-parties by transferring the motions to the issuing court. "Transferring a *motion* to the jurisdiction where the underlying litigation is pending that will require few, if any, modifications of the written submissions, does not rise to the level of unfair prejudice." *Wultz*, 2014 WL 2257296, at *3 (emphasis in original). Moreover, absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden. *See id.*; *see also Moon Mountain*, 2014 WL 3378011, *4. Bally argues that transfer is inappropriate because it would face a significant burden if its motion is transferred to the District of Delaware. *See, e.g.*, Docket No. 24-31 at 7. The Court disagrees.

As an initial matter, the parties dispute whether Bally's status as a large corporation is relevant in considering any burden imposed by transfer. Other courts have indicated that concerns regarding the burdens of transfer are lessened when the disputed subpoena is directed to a large corporation, rather than an individual person. *See In re Subpoena to Kia Motors America, Inc.*, 2014 WL 2118897, *1 (C.D. Cal. Mar. 6, 2014) (noting that the subpoena was directed to a national company rather than an individual resident). In this case, the disputed subpoena was issued to a large corporation represented by sophisticated counsel. This is by no means a dispositive consideration, but it is relevant as the Court evaluates any burden imposed.

Moreover, the specific examples that Bally identifies as creating an unfair burden are entirely unpersuasive. First, Bally argues that should it be ordered to produce documents, those documents are located in California and Nevada. Docket No. 24-31 at 7. Bally fails to explain–and the Court fails to discern–why the burden of reviewing, assembling, and producing documents is any different depending on which court issues an order for it to do so. Second, Bally argues that it is unfair to require it to "travel cross-country to Delaware to protect its interests." Docket No. 24-31 at 8. Such travel is far from a

---

[10] In the event the Northern District of California finds it proper to transfer to the District of Delaware the subpoena-related motions as they relate to the Individual Respondents pursuant to Rule 45(f), *see* Section IV.C, all of the disputed subpoenas would be challenged in the same court.

11

foregone conclusion and the Advisory Committee Notes provide guidance as to how to minimize such burden by, *inter alia*, encouraging transferee courts to allow appearances to be made telephonically in the event that a hearing is deemed to be necessary. *See, e.g.*, *Valle del Sol*, 2014 WL 3818490, at *3. At this point, it is not even clear that the District of Delaware would hold a hearing on the motion, *see, e.g.*, D. Del. Local Rule 7.1.4 (permitting oral argument is in the discretion of the court), let alone that it would require personal attendance at any such hearing. To the extent there may be some additional travel costs imposed due to a transfer, they appear at this point to be speculative and not of a sufficient amount to outweigh the importance of advancing judicial economy and avoiding inconsistent rulings. *See Moon Mountain*, 2014 WL 3378011, *4.

In short, "[a]lmost any subpoenaed party could make the same undue burden arguments that [Bally] makes here." *Id.* (quoting *Chem-Aqua*, 2014 WL 2645999, at *3). The Court finds Bally's arguments unconvincing as Bally has failed to identify any meaningful burden that it would face by transferring the subpoena-related motion to the District of Delaware.

        4.      Conclusion

The Court concludes that transferring the subpoena-related motion to the District of Delaware as it relates to Bally promotes judicial economy, prevents inconsistent judicial decisions, and does not impose any meaningful burden on Bally. Accordingly, the Court concludes that exceptional circumstances exist and hereby **TRANSFERS** the subpoena-related motions to the District of Delaware to the extent they relate to Bally.

## VI. MOTION TO SEAL

Also pending before the Court is an omnibus motion to seal. Docket No. 24. In determining whether documents should be sealed in patent cases, the Court applies regional circuit law. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has outlined standards to protect the public's right to inspect and copy public records and documents, including judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Access to judicial documents is important to safeguard the "public interest in understanding the judicial process." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The undersigned above resolves the pending subpoena-related motions only to the extent necessary to transfer the motions. The parties have not sought redaction to the corresponding portions of their briefs. *See* Docket No. 24-5, Section III (providing no proposed redactions in this Section); Docket No. 24-31, Section III.A (providing no proposed redactions in this Section); Docket No. 24-32, Section II (providing no proposed redactions in this Section). Hence, the proposed sealing and redactions relate to other aspects of the papers not directly at issue in this case at this time. The information for which secrecy is sought may be pertinent to the resolution of the underlying subpoena-related motions by the Northern District of California and the District of Delaware. Because the Court is transferring the subpoena-related motions to those courts, it should be for those Courts to decide whether such information is properly sealed or not. Doing so is especially appropriate in this case given that the motion to seal is based in significant part on the stipulated protective order entered by the District of Delaware and some of the redactions relate to filings and transcripts from the proceedings in that court.

Accordingly, the relevant information will remain sealed in this case and the Court leaves for the transferee courts to rule on the sealing issues as they see fit. This Court otherwise expresses no opinion as to the motion to seal.

## VII.  CONCLUSION

For the reasons stated above, Court hereby **ORDERS** that the pending subpoena-related motions be transferred to the Northern District of California to the extent they relate to the Individual Respondents and further **ORDERS** that the pending subpoena-related motions be transferred to the District of Delaware to the extent they relate to Bally. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: August 15, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE